## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF GEORGIA
## SAVANNAH DIVISION

| | | |
|---|---|---|
| TIFFANY Y. BROWN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV423-215 |
| | ) | |
| MARTIN O'MALLEY,[1] | ) | |
| *Commissioner of* | ) | |
| *Social Security*, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Plaintiff Tiffany Y. Brown seeks judicial review of the Social Security Administration's denial of her application for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI).  *See* doc. 1.

## I.    GOVERNING STANDARDS

In social security cases, courts

. . . review the Commissioner's decision for substantial evidence. *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011).  "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion.  We may

---

[1]    Martin O'Malley is now the Commissioner of Social Security and has been substituted for Acting Commissioner Kilolo Kijakazi as the defendant in this action pursuant to Rule 25(d) of the Federal Rules of Civil Procedure.  The Clerk is **DIRECTED** to update the docket accordingly.

> not decide the facts anew, reweigh the evidence, or substitute our judgment for that of the Commissioner." *Id*. at 1178 (internal quotations and brackets omitted). "If the Commissioner's decision is supported by substantial evidence, this Court must affirm, even if the proof preponderates against it." *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (quotation omitted).

*Mitchell v. Comm'r, Soc. Sec. Admin.,* 771 F.3d 780, 782 (11th Cir. 2014).

*see also Biestek v. Berryhill*, 587 U.S. 97, 103 (2019) ("Substantial evidence . . . is 'more than a mere scintilla.' [Cit.] It means—and means only—'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" (citations omitted)).

The burden of proving disability lies with the claimant. *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005). The ALJ applies

> . . . a five-step, "sequential" process for determining whether a claimant is disabled. 20 C.F.R. § 404.1520(a)(1). If an ALJ finds a claimant disabled or not disabled at any given step, the ALJ does not go on to the next step. *Id*. § 404.1520(a)(4). At the first step, the ALJ must determine whether the claimant is currently engaged in substantial gainful activity. *Id*. § 404.1520(a)(4)(i). At the second step, the ALJ must determine whether the impairment or combination of impairments for which the claimant allegedly suffers is "severe." *Id*. § 404.1520(a)(4)(ii). At the third step, the ALJ must decide whether the claimant's severe impairments meet or medically equal a listed impairment. *Id*. § 404.1520(a)(4)(iii). If not, the ALJ must then determine at step four whether the claimant has the RFC[2] to perform her

---

[2] At steps four and five, the ALJ assesses the claimant's residual functional capacity (RFC) and ability to return to his past relevant work. *Phillips v. Barnhart*, 357 F.3d

past relevant work. *Id.* § 404.1520(a)(4)(iv).  If the claimant
cannot perform her past relevant work, the ALJ must
determine at step five whether the claimant can make an
adjustment to other work, considering the claimant's RFC,
age, education, and work experience.  An ALJ may make this
determination either by applying the Medical Vocational
Guidelines or by obtaining the testimony of a [Vocational
Expert (VE)].

*Stone v. Comm'r. of Soc. Sec. Admin.*, 596 F. App'x. 878, 879 (11th Cir.

2015) (footnote added).

## II.   BACKGROUND

In April 2020, Brown applied for DIB under Title II and SSI under

Title XVI of the Social Security Act.   Tr. 10; *see also* tr. 380-91

(applications).   Brown, who was born on September 29, 1972, was 46

years old on her alleged disability onset date of February 21, 2019,[3] and

50 years old at the time of the ALJ's decision on February 1, 2023.  Tr.

19, 20.  Brown completed high school, tr. 20, 445, and has past relevant

---

1232, 1238 (11th Cir. 2004).  RFC is what "an individual is still able to do despite the
limitations caused by his or her impairments."  *Id.* (citing 20 C.F.R. § 404.1545(a);
*Moore v. Comm'r of Soc. Sec.*, 478 F. App'x 623, 624 (11th Cir. 2012).  "The ALJ makes
the RFC determination based on all relevant medical and other evidence presented.
In relevant part, the RFC determination is used to decide whether the claimant can
adjust to other work under the fifth step."  *Jones v. Comm'r of Soc. Sec.*, 603 F. App'x
813, 818 (11th Cir. 2015) (quotes and cite omitted).

[3] Brown initially alleged disability beginning on April 20, 2018, but amended the
alleged onset date to February 21, 2019.  Tr. 10.

work as a childcare attendant, tr. 18.  After a hearing, tr. 35-62 (hearing transcript), the ALJ issued an unfavorable decision, tr. 7-20.

The ALJ found that Brown's degenerative disc disease, sciatica, and obesity constituted severe impairments,[4] but that none of her impairments, alone or in combination, met or medically equaled a Listing.  Tr. 13-15.  The ALJ then found that Brown retained the RFC for light work as defined in 20 CFR §§ 404.1567(b) and 416.967(b),

> . . . in that the claimant can occasionally lift and carry 20 pounds, frequently lift and carry 10 pounds, stand and walk 6 hours of an 8-hour workday, sit for only 6 hours of an 8-hour workday, the claimant can only occasionally climb ramps/stairs, stoop, kneel, and crouch.  She can never climb ladders/ropes/scaffolds.

Tr. 15; *see also* tr. 15-18.  Brown, the ALJ determined, could not perform her past relevant work, but could perform jobs that exist in significant numbers in the national economy.  Tr. 18-20.  Therefore, she was found not disabled.  Tr. 20.  The Appeals Council denied review.  Tr. 1-6.  Brown filed the instant action seeking judicial review of the ALJ's decision.  *See* doc. 1.

---

[4]   The ALJ determined Brown's pre-diabetes mellitus, diabetes mellitus, hypertension, gastroesophageal reflux, anemia, and depression were nonsevere medically determinable impairments.  Tr. 13-14.

### III.  ANALYSIS

Brown first argues that the ALJ erred in "[f]ailing to properly consider and apply the doctrine of administrative *res judicata*." Doc. 12 at 1-2.  Plaintiff's argument is based on her prior disability application which was denied on February 20, 2019.  Doc. 12 at 2 (citing tr. 72, 75); *see also* tr. 75-89 (2019 Unfavorable Decision); tr. 90-95 (Appeals Council Notice dated December 13, 2019, denying review of 2019 Unfavorable Decision).  In the 2019 Unfavorable Decision, the ALJ considered Brown's alleged disability beginning March 14, 2017, and determined she retained the RFC to perform a full range of sedentary work.  Tr. 78-79. Plaintiff argues the ALJ considering her April 2020 applications, where she alleged a disability onset date of February 21, 2019—one day after the 2019 Unfavorable Decision, was bound by administrative *res judicata* to find her limited to sedentary exertion.  Doc. 12 at 3.  Instead, the ALJ found her capable of light exertion, and, Plaintiff argues, failed to include any explanation for the changed condition.  *Id.*  She further argues that a sedentary RFC would mandate a finding of disability, because she has now reached the age of fifty.  *Id.* at 3.

The Commissioner responds that the ALJ "properly applied administrative *res judicata* to Plaintiff's prior decision for the period from March 14, 2017, her previous alleged onset of disability date, to February 20, 2019, the date of the ALJ's prior decision."  Doc. 13 at 6; *see also* tr. 10 ("The period beginning March 14, 2017 through February 20, 2019 was previously adjudicated. . . . The Administrative Law Judge decision dated February 20, 2019 remains final and binding in establishing that the claimant was not disabled through that date.").   However, the Commissioner argues, the prior decision "does not have administrative *res judicata* effect on Plaintiff's current DIB or SSI applications for the period after February 20, 2019."  Doc. 13 at 7.  Defendant cites to unpublished, yet persuasive, Eleventh Circuit authority explaining that "administrative *res judicata* does not apply when a claimant's current applications involve an unadjudicated period."  *Id.* at 7-8 (citing *Griffin v. Comm'r of Soc. Sec.*, 560 F. App'x 837, 844 (11th Cir. 2014); *McKinzie v. Comm'r of Soc. Sec.*, 362 F. App'x 71, 73 (11th Cir. 2010); *Moreno v. Astrue*, 366 F. App'x 23, 26-27 (11th Cir. 2010)).

The Social Security Act states that "[t]he findings and decision of the Commissioner of Social Security after a hearing shall be binding upon

all individuals who were parties to such hearing." 42 U.S.C. § 405(h).

"The Social Security Administration's regulations provide that the

Commissioner may dismiss a hearing request and decline to issue a 'final

decision' if the doctrine of res judicata applies in the Commissioner has

made a previous decision about the claimant's rights on the same facts

and the same issues, and this previous determination has become final."

*Cash v. Barnhart*, 327 F.3d 1252, 1255 (11th Cir. 2003) (citing 20 C.F.R.

§ 404.957(c)(1)); *see also* 20 C.F.R. § 416.1457(c)(1).

The Eleventh Circuit "has repeatedly held that an ALJ is not

required to apply administrative res judicata when the current

proceeding involves an unajudicated time period not at issue in the prior

decision." *Diaz v. Comm'r of Soc. Sec.*, 828 F. App'x 560, 562 (11th Cir.

2020) (citations omitted); *see also Griffin*, 560 F. App'x at 844; *McKinzie*,

362 F. App'x at 73; *Moreno*, 366 F. App'x at 26-27; *Luckey v. Astrue*, 331

F. App'x 634, 638 (11th Cir. 2009) ("Because the factual time period for

[claimant's] current application is different from her previous

application, administrative *res judicata* does not apply.") . As the

Eleventh Circuit explained in another case, relying on persuasive

authority from the Sixth Circuit: "Any earlier proceeding that found or

7

rejected the onset of a disability could rarely, if ever, have actually litigated and resolved whether a person was disabled at some later date." *Torres v. Comm'r of Soc. Sec.*, 819 F. App'x 886, 888 (11th Cir. 2020) (quoting *Earley v. Comm'r of Soc. Sec.*, 893 F.3d 929, 933 (6th Cir. 2018)) (internal quotation marks omitted).  This authority makes clear that the ALJ was not required to apply administrative *res judicata*, since the current proceeding involves an alleged disability beginning February 21, 2019, a time period which was not at issue in the 2019 Unfavorable Decision.  *Compare* tr. 7-26 (2023 Unfavorable Decision) *with* tr. 72-89 (2019 Unfavorable Decision).

Plaintiff recognizes the hurdle this authority presents.  She argues that these cases should be overruled, because they rely on the SSA's interpretation of its own regulation, an interpretation that Plaintiff contends is not entitled to deference.  Doc. 12 at 8.  Relying on the Supreme Court's decision in *Kisor v. Wilkie*, 588 U.S. 558 (2019), Plaintiff argues "this Court should reject SSA's interpretation of its own regulation, as there is no genuinely ambiguous statute and/or regulation requiring interpretation . . . ." Doc. 12 at 8.  In *Kisor*, the Supreme Court, relying on *Auer v. Robbins*, 519 U.S. 452 (1997) and *Bowles v. Seminole*

*Rock & Sand Co.*, 325 U.S. 410 (1945), held that courts should not give controlling deference to an agency's interpretation of its own regulation unless the regulation is "genuinely ambiguous." 588 U.S. at 574. "If uncertainty does not exist, there is no plausible reason for deference. The regulation then just means what it means—and the court must give it effect, as the court would any law." *Id.* at 574-75.

It is not apparent that the persuasive Eleventh Circuit authority discussed above relies at all on deference to the SSA's interpretation of its regulation. Instead, it appears that the Court has simply applied the plain meaning of the regulation, that the doctrine of *res judicata* applies where the SSA has made a previous determination "on the same facts and on the same issue or issues," 20 C.F.R. §§ 404.957(c)(1); 416.1457(c)(1), and recognized that an unadjudicated time period raises new issues. *See, e.g.*, *Moreno*, 366 F. App'x at 27; *McKinzie*, 362 F. App'x at 73; *Luckey*, 331 F. App'x 638. For example, in *Griffin*, the Eleventh Circuit cited the Social Security Act, 42 U.S.C. § 405(h), the SSA's regulations, 20 C.F.R. § 404.957(c)(1), and *Cash*, 327 F.3d at 1254-55, to support its decision that administrative res judicata did not apply where the prior decision adjudicated a different time period, because "the prior

decision did not finally adjudicate any issues or facts that were raised in this proceeding." 560 F. App'x at 844.  Additionally, the Eleventh Circuit in *Diaz* recognized that its prior precedent on this issue "is consistent with the regulations of the Commissioner . . . ." 828 F. App'x at 562.  The result Plaintiff seeks, for this Court to find that "there is no genuinely ambiguous statute and/or regulation requiring interpretation," would require the Court to "give [the regulation] effect, as the court would any law." *Kisor*, 588 U.S. at 575.  This would result in the same conclusion the Eleventh Circuit has reached in the several cases discussed above, *res judicata* does not apply to Plaintiff's claim because "the prior decision did not finally adjudicate any issues or facts that were raised in this proceeding." *Griffin*, 560 F. App'x at 844.  Therefore, Plaintiff's argument does not clear the hurdle.

Plaintiff's second argument also fails.  She argues that, even without the application of administrative *res judicata*, the 2019 Unfavorable Decision, which became the Commissioner's final decision on December 13, 2019 when the Appeals Council denied review, tr. 90-95, "leaves a finding that at least through December 13, 2019 Plaintiff was limited to sedentary exertion."  Doc. 12 at 12.  This is based on a

misunderstanding of the Appeals Council review process. As the Supreme Court explained, "SSA regulations provide that, if the Appeals Council grants review of a claim, then the decision that the Council issues is the Commissioner's final decision. But if, as here, the Council denies the request for review, the ALJ's opinion becomes the final decision." *Sims v. Apfel*, 530 U.S. 103, 106-7 (2000). Therefore, while December 13, 2019 is relevant, since it is the date the ALJ's decision became final, the decision dated February 20, 2019 establishes the relevant time period adjudicated. Tr. 72-89. The Commissioner correctly notes that "the ALJ's decision, issued February 20, 2019, necessarily only concerned the period from Plaintiff's alleged onset date through that the date of the decision." Doc. 13 at 10 n. 5.

This leaves Plaintiff's final argument, that the ALJ's RFC determination is not supported by substantial evidence. Doc. 12 at 13-15. Other than pointing to the 2019 Unfavorable Decision, which, as discussed above, deals with a different time frame and is therefore irrelevant to the current proceeding,[5] Plaintiff points to a "medical

_____

[5] *See Tomaszewski v. Colvin*, 649 F. App'x 705, 706 (11th Cir. 2016) ("[Claimant's] new SSI application covers a different time period, and involves new evidence that is independent from the prior application."); *see also McKinzie*, 362 F. App'x at 73 (citing *Reynolds v. Bowen*, 844 F.2d 451, 453-54 (7th Cir. 1988) (evidence in prior application

opinion from an SSA doctor of no improvement from [February 20, 2019]." Doc. 12 at 15.  Although Plaintiff's citation to the record is incomplete, she seems to rely on a Disability Determination Explanation from Dr. Sergio Bello, who noted that "[i]t is more likely than not that claimant continues to have chronic pain and dysfunction that would be more than non-severe and it is unlikely to have improved from the ALJ."  Tr. 135; *see also* doc. 12 at 13.

As discussed above, at step four of the sequential process, the ALJ evaluates a claimant's RFC and ability to return to past relevant work. 20 C.F.R. §§ 404.1520(a)(4)(iv), (e); 416.920(a)(4)(iv), (e).  RFC is defined in the regulations "as that which an individual is still able to do despite the limitations caused by his or her impairments."  *Phillips*, 357 F.3d at 1238 (citation omitted), *superseded on other grounds by* 20 C.F.R. § 404.1520c.  Courts have described RFC as "a medical assessment of what the claimant can do in a work setting despite any mental, physical or environmental limitations caused by the claimant's impairments and related symptoms."  *Watkins v. Comm'r of Soc. Sec.*, 457 F. App'x 868,

---

is "completely irrelevant" to the instant application, where alleged onset date is after the prior application was denied)).

12

870 n. 5 (11th Cir. 2012) (citations omitted). The ALJ must consider all record evidence about all the claimant's impairments, including those that are not severe, and must consider statements about what a claimant can do from medical sources and the claimant. 20 C.F.R. §§ 404.1545(a); 416.945(a).

The ALJ's February 1, 2023 decision shows he appropriately considered the record evidence in formulating Plaintiff's RFC. Tr. 15-18. He reviewed the medical evidence, tr. 16-17, followed the required rubric in discounting Plaintiff's own subjective testimony, tr. 17-18,[6] and specifically acknowledged the agency reconsidered medical opinion cited by Plaintiff, tr. 18. In considering the agency medical opinion, he found it "persuasive only insofar as it comports with a residual functional

---

[6] When a claimant provides testimony concerning his subjective symptoms, the ALJ must determine whether there exists "(1) evidence of an underlying medical condition; and (2) either (a) objective medical evidence confirming the severity of the alleged pain; or (b) that the objectively determined medical condition can reasonably be expected to give rise to the claimed pain." *Wilson v. Barnhart*, 284 F.3d 1219, 1225 (11th Cir. 2002); *Holt v. Sullivan*, 921 F.2d 1221, 1223 (11th Cir. 1991). "If the record shows the claimant has a medically determinable impairment that could reasonably be expected to produce [his] symptoms, the ALJ must evaluate the intensity and persistence of the symptoms in determining how they limit the claimant's capacity for work" in light of the objective medical evidence and statements by the claimant and her doctors. *See Costigan v. Comm'r of Soc. Sec.*, 603 F. App'x 783, 786 (11th Cir. 2015) (citing 20 C.F.R. § 404.1529(c)(1)-(2)). "If the ALJ discredits subjective testimony, he must articulate explicit and adequate reasons for doing so." *Wilson*, 284 F.3d at 1225.

capacity for a limited range of light work, which is supported by the totality of the record, which shows ongoing and consistent gait, strength and work activity despite symptoms." Tr. 18; *see also, e.g.*, 20 C.F.R. § 404.1520c. Plaintiff is, therefore, incorrect that there was "no acknowledgment" by the ALJ of the agency medical examiner's notation. Doc. 12 at 13. The ALJ's determination of Plaintiff's RFC is supported by substantial evidence.

## IV.   CONCLUSION

Administrative *res judicata* does not apply in this proceeding, and the Commissioner's final decision is supported by substantial evidence in the record. For the reasons articulated above, the final decision of the Commissioner is **AFFIRMED**. The Clerk of Court is **DIRECTED** to **CLOSE** this case.

**SO ORDERED**, this 25th day of September, 2024.

CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

14